JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: Joshua.Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>       Plaintiff, ) <br>   v. ) <br> DONTE TURNER, ) <br>       Defendant. ) <br> _____ ) | No. CR 10-00266-PJH <br><br> [PROPOSED] ORDER DETAINING DEFENDANT DONTE TURNER AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT <br><br> Date:   May 17, 2010 <br> Time:   10:00 a.m. <br> Court:   Hon. Laurel Beeler |

## I. DETENTION ORDER

Defendant DONTE TURNER is charged in a one-count indictment with armed robbery of a credit union, in violation of 18 U.S.C. §§ 2113(a) and (d). On May 11, 2010, the United States moved for Mr. Turner's detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (because he poses a danger to the community), and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). Following a hearing under 18 U.S.C. § 3142(f), and considering the parties' proffers, Pretrial Services' report, and the factors set forth in 18 U.S.C. § 3142(g), the Court orders Mr.

[PROPOSED] ORDER
No. CR 10-0266-PJH             1

1  Turner detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will
2  reasonably assure the safety of any other person and the community.  *See* 18 U.S.C. §§ 3142(e)
3  and (f).
4      Specifically, considering the factors in 18 U.S.C. § 3142(g), the Court notes that in the
5  instant offense, Mr. Turner is charged with committing armed robbery of a credit union in June
6  2009 in which Mr. Turner is alleged to have pointed a revolver in the face of a victim-teller in
7  the course of committing the charged robbery.  In addition, in October 2008, Mr. Turner was a
8  passenger in a car that was stopped by police following a report of suspicious activity around a
9  bank.  During a search of the vehicle, officers recovered a loaded handgun.  Moreover, Mr.
10 Turner was convicted in 2001 of assault with a deadly weapon.  According to the government's
11 proffer, the conviction stems from a "strong arm" robbery in which Mr. Turner punched the
12 victim in the face prior to stealing his wallet.  Mr. Turner's criminal history spans a 19-year
13 period and also includes convictions for evading a peace officer (for which he received 16
14 months in prison) and a drug trafficking offense.  Indeed, Mr. Turner was on parole when he
15 allegedly committed the instant offense.  These facts raise concern about the danger Mr. Turner's
16 release may pose to the community and his ability to comply with any conditions of release that
17 the Court might set.
18     The Court detains Mr. Turner as a danger to the community.  Mr. Turner is committed to
19 the custody of the Attorney General or a designated representative for confinement in a
20 corrections facility separate, to the extent practicable, from persons awaiting or serving
21 sentences or held in custody pending appeal.  *See* 18 U.S.C. § 3142(i)(2).  The defendant must be
22 afforded a reasonable opportunity to consult privately with counsel.  *See id*. § 3142(i)(3).  On
23 order of a court of the United States or on request of an attorney for the government, the person
24 in charge of the corrections facility must deliver the defendant to the United States Marshal for a
25 court appearance.  *See id*. § 3142(i)(4).
26 ///
27 ///
28 ///

[PROPOSED] ORDER
No. CR 10-0266-PJH                                2

II. TIME EXCLUSION

The parties appeared for arraignment and a detention hearing on May 17, 2010. The defendant was ordered detained and the matter was continued to June 23, 2010 for a status conference. The government has provided discovery. Defense counsel will require time to review the discovery. Based upon the representation of counsel and for good cause shown, the Court finds that failing to exclude the time between May 17, 2010 and June 23, 2010 would unreasonably deny the government and the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between May 17, 2010 and June 23, 2010 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, it is hereby ordered that the time between May 17, 2010 and June 23, 2010 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

DATED: May 18, 2010

LAUREL BEELER
United States Magistrate Judge